Parsons, C. J.
The real question in this case is, on which of the parties, both being equally innocent, the loss of the notes [ * 323 ] shall fall. And it is our opinion, if it was the * original intent of the defendant to sell, and of the plaintiff to buy, the notes, and to make payment in rum, the defendant has fulfilled his contract, and the plaintiff cannot maintain this action.
But if the plaintiff intended to sell the rum for money, and the defendant intended to buy rum, and the payment by the notes was not a part of the original stipulation, but an accommodation to the defendant, then he has not paid for the rum, and the action is maintainable.
Were we to decide on the intent from the words of the report, -ye must conclude the intent of the plaintiff to have been to deliver rum in payment for the notes; and therefore the verdict must be set aside. As the plaintiff has contended that the testimony was not delivered in the words of the report, but was given to the jury in a manner whence they might rightly make a different inference, we do not order a nonsuit; but, the defendant consenting, grant a new trial, that a jury may decide on the true intent of the parties in making the bargain.

Let the verdict be set aside, and a neto trial be granted