*Hartford,*
November,
1815.

BENNETT *against* HALL:

### IN ERROR.

THIS was a prosecution upon the statute of *Bastardy,*(*a*) by the mother of a bastard child against the father, for its maintenance. To the original complaint returned to, and the supplemental complaint filed in the county court, which were in the usual form, the defendant pleaded *not guilty ;* and thereupon the following judgment was rendered : " This court having fully heard the parties, with their testimony, and by their counsel, do find that the facts in said original and supplemental complaints alleged are true, and that said *Bennett* is guilty in manner and form as in said original and supplemental complaints is alleged ; and on due examination, do moreover find, that the expenses necessarily incurred by the said *Pamela* (the complainant) for said child at its birth, and nursing the same until the 21st day of *April* 1815, have amounted to the sum of 120 dollars, and that of right the said *Bennett* ought to pay thereof the sum of 60 dollars ; and it is thereupon considered by this court, that the said *Pamela* do recover of the said *Bennett* the said sum of 60 dollars, and her costs, taxed at 26 dollars and 3 cents ; and this court do order that the said *Bennett* stand charged jointly with the said *Pamela* with the maintenance and support of said child for four years, seven calendar months and twenty-seven days next following said 21st day of *April* 1815, and do pay to her therefore at and after the rate of 58 cents per the term of four years, seven months and twenty-seven days, and directed the clerk to issue execution at the end of every successive period of three calendar months for so much of that sum as should then be in arrear, so long as the child should live within said term ; and also required the defendant to become bound in a recognizance with surety to save the town harmless, but made no order for security to be given to comply with the judgment of the court : Held that such judgment was not erroneous.

In a prosecution upon the statute of bastardy by the mother of a bastard child against the father for its maintenance, the court having found the issue in favour of the complainant, and ascertained the amount of child-bed expenses, gave judgment for the complainant to recover of the defendant one half of such expenses, and further ordered the defendant to pay to the complainant for the support of the child the sum of fifty eight cents per week for

(*a*) *Tit.* 22. That part of the act on which this prosecution is founded, is as follows : " That he who is accused by any woman, to be the father of a bastard child, begotten of her body, she continuing constant in such accusation, being examined upon oath, and put to the discovery of the truth in the time of her travail, shall be adjudged the reputed father of such child notwithstanding his denial thereof, and shall stand charged with the maintenance thereof, with the assistance of the mother, as the county court in that county in which such child is born shall order ; and give security to perform such order, and also to save the town or place where such child is born free from charge for its maintenance."

*Hartford,*
November,
1815.

Bennett
*v.*
Hall.

week, and that the clerk of this court do issue execution therefore at the end of every successive period of three calendar months from said 21st day of *April* 1815, for so much as shall be in arrear of said sum of 58 cents per week at the end of each of said periods respectively so long as said child shall live in said term of four years, seven months and 27 days. And this court do moreover order, that the said *Bennett* become bound to said town of *Weston,* (where the child was born) with one sufficient surety, by recognizance in this court, in the penal sum of 500 dollars, to save said town of *Weston* harmless of and from the support and maintenance of said child ; and that the said *Bennett* stand committed until he shall become bound as aforesaid." The defendant thereupon brought a writ of error in the superior court, assigning for error, that said county court ought not to have adjudged, ordered and directed, that the clerk of said court should issue execution in favour of the said *Pamela* and against the said *Bennett* for any sum that should be in arrear, or not paid according to the order of said court. The superior court affirmed the judgment of the county court ; and thereupon the present writ of error was brought.

*N. Smith* and *Staples* for the plaintiff in error.

*Sherman* for the defendant in error.

SWIFT, Ch. J. The judgment in this case is conformable to the practice in most of the counties in this state from time immemorial ; and it would introduce much confusion and inconvenience now to change a form of judgment which has been so long and so well settled. This should never be done, unless there is some serious objection ; but no inconvenience has ever been experienced. The present mode is now well known and understood ; but if a new one should be introduced, it would be long before the several county courts would be able to adopt it ; and many judgments would probably be reversed before a uniformity could be established throughout the state. Nor is the form of this judgment opposed to the requirements of the statute. The county court has the power to make an order for the maintenance of a bastard child. This enables them to direct not only as to the sum to be paid, but the manner of payment ; of course, they may di-

rect execution to be issued by the clerk from time to time as the exigencies of the case may require ; and this is no more delegating judicial power to the clerk, than it is to direct him to issue execution in any other case. Nor can contests arise respecting payments any more in one case than in the other.

The only respect in which this judgment does not literally conform to the statute, is, that it does not require the defendant to give a bond with surety to perform the order of the court. This has not been required where execution has been directed to be issued ; and the defendant cannot object to the form of a judgment which is more favourable to him than a literal compliance with the law. At any rate, immemorial usage has sanctioned this practice.

I am of opinion that there is no error.

In this opinion TRUMBULL, BRAINARD, BALDWIN, GOD-DARD, and HOSMER, Js. concurred.

SMITH, J. I have formed a different opinion from the one expressed by my brethren in this case. The statute concerning bastards and bastardy is not ambiguous in its terms, or doubtful in the construction, but contains a plain, sensible and consistent system. It provides, that upon the accusation of the mother, and on certain specified evidence, the accused shall be adjudged the reputed father of a bastard child. It then provides, that such reputed father shall stand charged with the maintenance of the child, with the assistance of the mother, as the court shall order ; and that he shall find surety to perform such order, and also to save the town where the child is born free from charge. The statute, in the last place, directs, that such reputed father shall stand committed until the order is complied with.

How extremely obvious, then, is the duty of the court under this statute. If the evidence is found to be insufficient, the accused is to be acquitted ; but if found to be sufficient, he is, in the first place, to be adjudged the reputed father of the bastard child ; the court, in the second place, is to order what portion of the support shall be furnished by the father, for what period, and when payable ; and thirdly, to direct that he find surety as the statute requires. The accused is then, in the fourth place, to be, by the court, com-

mitted to the custody of the sheriff until the order is complied with.

In the room of this very obvious course, the court, in this case, have taken a course not only altogether unauthorised by statute, but one in which we meet with insuperable difficulties. We here find *no order* made as required by statute; *no surety directed;* no commitment to the custody of the sheriff. But we find a judgment made up, that the reputed father shall pay to the mother quarterly a certain sum per week, for four years and upwards, provided the child so long lives; and that the clerk issue execution for what shall remain in arrear of the weekly allowance once a quarter, provided the child shall live. It would seem enough to say in this case, that the statute does not warrant the judgment; and that the whole procedure on complaint of the mother is authorised only by statute, and not by any principles of the common law. But in my view there are still greater objections arising from the particular form of the judgment. It obviously, in the terms of it, transfers judicial power to the clerk; for whether there is any thing in arrear or not, and if any thing, how much; and whether the child continues to live; are points of fact, to be ascertained by the clerk before he can issue his execution.

To obviate this objection, it was said by counsel in argument, that the clerk could not indeed make enquiry into the facts of payment, and of the life of the child, but must issue his execution of course at the end of each quarter, to the whole amount of what would accrue to that time, and leave the injured party to seek relief by *audita querela.* I think, however, that a little attention to this argument will satisfy us that it will not remove the difficulty; and provided we were about to adopt such a principle, new and still greater difficulties would appear in our way. I would ask why is it, that the clerk cannot make enquiry into those facts; for I admit that he cannot. It surely is not because the judgment, in the terms of it, does not warrant the enquiry; because what is the sum in arrear and the life of the child are facts which can be learned only by hearing, enquiring and judging. And the clerk is authorised by the judgment to issue his execution only for what is in arrear, and that on condition that the child shall be alive. Should he issue execution for any other sum than the precise one for which

*Hartford,*
November,
1815.

Bennett
*v.*
Hall.

the party is in arrear ; or for that, after the child should be dead ; there would be no judgment to support it. The true reason, therefore, why the clerk does not possess such power, is, that the attempt to transfer judicial power to the clerk is not only erroneous, but void. But it by no means follows, that because the clerk has not the power to judge of these facts, he is to issue execution for a debt becoming due in future, whether it is in fact due or not. The judgment itself warrants no such procedure ; and if such were its form, it would be no less erroneous. It is in either view a novel attempt to render judgment for a debt accruing and becoming due at future periods ; and where the precedent will lead to, it is not easy to foresee. In all cases of payments to be made by instalments, there would be the same reason for entering up judgment at once for the whole as there is in this ; and in many other cases it might be thought convenient to enter up sweeping judgments, leaving the real facts in the case to be settled by the clerk.

If any farther objection to this judgment were necessary, I would remark, that when the court were about forming this new system there ought to have been one fact more submitted to the clerk, to be found by him as a condition precedent to issuing his execution ; for as this judgment is, the mother may abandon her child to the town, and never expend a farthing for its support herself, and yet have her execution and collect the weekly allowance of the reputed father to her own use. It ought, at least, to appear, then, as a condition to her having execution, that she continues to *support the child.*

But it has been said, that this judgment accords with the practice of our various county courts in the state. How that fact is, I have it not in my power to say. I have never known of such a practice in any case, though I now believe there has been such an one in some of the counties ; but I know nothing of its extent, or uniformity ; and there is no regular mode known to the law of bringing before this Court the precise practice of the various county courts. Nor do I deem it of the least importance, unless it be to shew a necessity for the interposition of this Court. If the county courts have adopted a practice which is in opposition to a plain statute, the more general it has been, so much the more pernicious have been its effects ; and the more it has been repeated, so much the

Hartford,
November,
1815.

Bennett
v.
Hall.

more does it call for the due exercise of the corrective power vested in this Court. It is peculiarly the duty of this Court to correct the errors of subordinate tribunals, and not to give them its sanction.

Judgment affirmed.