## David G. Aldrich *v.* Jackson & Butts.

The vendor of a bill or note, by the mere act of sale, impliedly warrants the genuineness of the signatures of the previous parties to it; and if an indorsement on the same turns out to be forged, is liable to the vendee for what he has received from him for it, with interest from the time of the receipt.

Assumpsit; the declaration containing two counts.

The *first* was a special count on an implied warranty by the defendants of the genuineness of the indorsement of a promissory note for the sum of $800, dated Providence, August 18, 1857, made by the Valley Falls Worsted Company— Isaac Proud, agent,—and payable to Joseph Manton or order, six months after date, and purporting to be by him indorsed in blank; which note, the count averred, was sold as genuine by the defendants to the plaintiff, when in fact the indorsement of the same was forged.

The *second* count was for money had and received.

The case was tried before the court, in law and fact, by agreement, under the general issue; and upon the trial, it appeared in evidence, that the defendants, who were bill-brokers and bankers, on the 18th day of August, 1857, were the owners of a note, such as was described in the first count of the declaration, under circumstances which gave them no reason to suspect the genuineness of the indorsement of the note; and on the same day, being the day of the date of the note, sold it to the plaintiff, who purchased through an agent, for the sum of $741, net; that is, at a discount of fifty-nine dollars. It further appeared in evidence, that the indorsement, upon the faith of which the plaintiff purchased the note, was forged by the maker, who shortly after absconded, leaving the note to be protested for non-payment.

*Hart,* for the plaintiff, cited *Jones* v. *Ryde,* 5 Taunt. 488; *Fuller et al.* v. *Smith et al.* Ry. & Moo. 49; S. C. 11 Eng. Com. Law R. 366; *Gurney* v. *Wormersley,* 28 Eng. L. & Eq. R. 256; *Markle* v. *Hatfield,* 2 Johns. 453; *Herrick* v. *Whiting,* 15 Ib. 240; *Shaver* v. *Ehle,* 16 Ib. 201; *Murray et al.* v. *Judah,* 6 Cow. 484; *Thrall* v. *Newell,* 19 Verm. 203; *Canal Bank* v. *Bank of Albany,* 1 Hill, 287; *Rieman & Sons* v. *Fisher,* Am. Law Reg. for May, 1856, p. 433.

*R. W. Greene*, for the defendants, cited *Ellis* v. *Wild*, 6 Mass. 321; *Gloucester Bank* v. *Salem Bank*, 17 Mass. 33; *Baxter* v. *Duren*, 29 Maine R. 440.

AMES, C. J. It is too well settled at this day to admit of discussion, that the vendor of a note or bill, by the mere act of sale, impliedly warrants the genuineness of the signatures of the previous parties to it; although he does not thereby, when he does not indorse or otherwise assure payment of the same, warrant their solvency. If the signatures, or either of them, be forged, what he sells is not what upon its face it purports, and what therefore he affirms, and thus warrants it, to be; and he is liable to the vendee for what he has received from him for it, on the ground of failure of consideration. The cases cited by the plaintiff, and numerous others, English and American, place beyond contest this just and reasonable implication from an offer of such property in the market, the value of which depends altogether upon its being genuine.

Let judgment be entered for the plaintiff for the sum of $741, with interest from the 18th day of August, 1857.