Scott, J.
The original action in this case was brought by the plaintiff in error, who states in his petition “ that Henry Essman, on the 12th of May, 1860, at Cincinnati, made his promissory note in writing of that date, and thereby promised to pay to the order of William Wolff five hundred dollars, for value received, in four months after the date thereof, and which said promissory note purports to be indorsed on the back thereof by William Wolff, which said note afterward came to the hands of the defendant, who afterward then and there indorsed and delivered the same to the plaintiff, but without recourse on him. The plaintiff avers that the defendant did thereby warrant that the indorsement on the back thereof was the signature of William Wolff, and was made by him, whereas, in truth and in fact, said signature on the back of said note was hot made by said William Wolff, but was and is a forgery, and, by reason thereof, said note was wholly worthless, and of no value, the said Henry Essman, the maker thereof, being wholly insolvent.”
*517 The petition proceeds to allege due demand and notice of nonpayment at maturity, and asks judgment for the amount of the note, with interest.
A copy of the note is attached to the petition, which, with the indorsement thereon, corresponds with the statements of the petition.
To this petition the defendant demurred, a,nd the case was thereupon reserved from special term for the opinion of the judges in general term upon the questions of law arising on the demurrer. By the judgment of the court in general term, the demurrer was •517] sustained, and the plaintiff not desiring to *amend his petition, it was thereupon dismissed, and judgment rendered against plaintiff for costs.
The plaintiff here asks a reversal of this j udgment on the ground of error in the Superior Court in sustaining the demurrer to his petition.
There is no statement in the petition of the circumstances under which the note in this case was transferred to the plaintiff, or the ■consideration paid therefor, but it is to be presumed that it was so transferred for a valuable "consideration. If the fact be otherwise, this is matter of defense, to bo set up by answer.
There is no averment of fraud, or that the defendant had knowledge, at the time of the transfer, of any defect in the note, which he concealed. The question" therefore arises, whether, upon the •sale and transfer of a promissory note by indorsement, “ without recourse,” the vendor impliedly warrants that the signatures of •the prior parties whose names appear thereon are genuine.
Whilst the words " without recourse,” accompanying an indorsement, clearly indicate that the party making the transfer does not intend to assume the position of an unconditional indorsor, or to incur any liability if the note is not paid at maturity, upon due demand, or even if all the parties to the paper should prove to be wholly insolvent, we think they can not be construed as importing ■more than this. At least they do not divest such indorser of his character as a vendor of the note, nor exempt him from the liabilities arising from a sale and transfer by delivery, where the note is capable of being thus transferred. In such a case, then, is there no implied warranty on the part of the vendor that the note is not forged ? That it is in fact what it purports on its face to be ?
*518 On this question the language of the text-books, in this country -at least, is nearly if not quite uniform.
Justice Story, in his Commentary on Promissory Notes, sec. 118, speaking of the liabilities of a party who transfers a note by delivery only, says: “ In tho first place he warrants, by implication, unless otherwise agreed, that he is a lawful holder, and has a just .and valid title to the instrument, and a right to transfer it by delivery ; for this is implied as an ^obligation of good faith. [518 In the next place, he warrants, in like manner, that the instrument is genuine, and not forged and fictitious." To this the editor of the fourth edition of the work, published in 1856, adds in brackets: '[“ that it is of the kind and description it purports on its face to be; unless where the note is sold, as other goods and effects, by delivery merely, without indorsement, in which case it lias been decided that tho law respecting the sale of goods is applicable, and that there is no implied warranty;”] referring in the notes to tho cases of Baxter v. Duren, 29 Maine, 434; Ellis v. Wild, 6 Mass. 321, and other authorities, and also to conflicting decisions. This new matter was added to the text after Justice Story’s death, as is shown by the brackets, and was evidently intended only as a statement of the authorities bearing on the question. The exception stated to the general rule as laid down by Judge Story, can not, therefore, claim the sanction of his name.
The law is similarly stated in 2 Parsons on Notes and Bills, 37, 39, where it is said to be “ well settled that the vendor without indorsement warrants that the paper is of the kind and description •that it purports to be.” In a note on page 38, the case of Baxter v. Duren, 29 Maine, 434, is referred to, where it was held that one who sells and transfers a promissory note by delivery is not liable on an implied warranty of its genuineness, if ho sold tho same as property, and not in payment of a debt previously existing or then •created, and if he did not know of the forgery. But it was said in that case that if the note was transferred by delivery merely, in payment of a debt due, or for goods then purchased, or by way of discount for money then loaned, there would in such case be an implied warranty of the genuineness of the paper. “ But,” adds the learned author, “ this distinction does not seem to be well founded.” And again, at page 589 of the same volume, the principle is broadly stated “ that any transferrer of a note or bill transferable by delivery, warrants that it is no forgery. If it turns *519, 520 out that the name of one of the parties is forged, and the bill' becomes valueless, the vendor, though no party to the bill, becomes-liable to the vendee as upon a failure of consideration.” Ho then 519] proceeds to state, without further comment, the distinction, which was taken in the case of Baxter v. Duren, supra, and of which he had previously disapproved.
So, in Edwards on Bills and Promissory Notes, 291, it is said : “ The party assuming to transfer a negotiable instrument thereby asserts it to be genuine, and is bound to make his assertion good.” And on page 289 : “ Though the indorser transfers the note upon condition that it is to bo collected at the risk of the indorsee, he-is nevertheless responsible if the note proves to bo a forgery,” citing Shaver v. Ehle, 16 Johns. 201, and 20 N. Y. 226.
In England, it seems to be well settled, by the latest decisions on the subject, that the vendor of a bill of exchange is responsible-for its genuineness. Thus, in Gompertz v. Bartlett, decided in. 1853, it was held by the court of queen’s bench that the vendor of a bill of exchange impliedly warrants that it is of the hind and description that it purports on the face of it to bo. 24 Eng. L. & E. 156. And in Gurney and others v. Womersley, decided in 1854 by the same court, it was held that the vendor of a bill of exchange, though no party to the bill, is responsible for its genuineness; and if it turns out that the name of one of the parties is forged, and the bill becomes valueless, ho is liable to the vendee, as upon a failure of consideration. Both these cases were decided on the same principle which is applied in sales of personal property generally, that the vendor impliedly warrants that the article sold is-of the hind and description which it purports and is understood by the parties to be.
In the case of Baxter v. Duren, 29 Maine, 434 (referred to supra), it was held that one who sells a promissory note, by delivery, upon which the names of indorsers have been forged, is not liable upon an implied promise to refund the money received therefor, if he-sold the same as property, and notin payment of a precedent debt, and did not know of the forgery.
The same doctrine was held in the case of Ellis v. Wild, 6 Mass. 321, where the same distinction was made between the sale of the-note and its transfer in payment of a debt. But the doctrine is no-520] longer maintained in that commonwealth. *Cabot Bank v. Morton, 4 Gray, 156; Lobdell v. Baker, 1 Met. 193; Merriam v. *520 Wolcott, 3 Allen, 258. In the last of these cases, Ellis v. Wild and Baxter v. Duren are both considered, and, for what seems to us. good reasons, disapproved; and it was held that there is no valid reason for the distinction taken in those cases.
In Aldrich v. Jackson, 5 R.I. 218, the doctrine is expressly stated that “ the vendor of a bill or note, by the very act of sale, impliedly warrants the genuineness of the signature of the previous parties-to it.”
The same doctrine is held in Terry v. Bissell, 26 Conn. 23, and in Thrall v. Newell, 19 Vt. 202.
And the principle upon which these decisions rest has its foundation, as we think, in reason and justice.
In the'sale of what purports to be a promissory note, it is not-the material substance of the paper and ink for which the consideration is understood by the parties to be paid, but it is the chose-in action of'which the note purports to be the evidence, that is the real subject of negotiation and transfer. But if the note is forged,, if no such chose in action exists, if the vendor neither owns nor-parts with anything of the kind, it is difficult to see any just ground upon which he can be allowed to retain the purchase-money. He has undertaken to sell what he did not own, and that which in fact has no existence. The maxim of caveat emptor is inapplicable to such a case.
The present ease, however, is much stronger. It is not a case-of sale by delivery merely, but by indorsement, qualified, it is true; so as to exclude the liabilities consequent thereon under the commercial law. Still, the defendant is a party to the note, he has-sold and transferred it as such, and he is bound to make his representations good. On this question we know of no conflict in the authorities.
The judgment of the court below must be reversed, the demurrer to the plaintiff’s petition overruled, and a procedendoawarded.
Day, C. J., and Brinkerhoff, Welch, and White, JJ., concurred..