WILLIAM HUSSEY *vs.* WILLIAM G. SIBLEY.

Waldo, 1876.—December 22, 1876.

*Payment.*

A town order, passed by a debtor to his creditor for the purpose of paying his debt and received for that purpose, both parties acting in good faith, will not operate as a payment if, at the time, it was utterly worthless for the reason that the drawers and acceptor had no authority to make or accept it.

ON REPORT.

ASSUMPSIT on a promissory note of $2400, signed by the defendant, November 22, 1869, on which were twelve indorsements in the aggregate of $2260, one of which was December 7, 1874, $375, another December 26, 1874, for a gross sum in which was included $18, omitted by mistake when the December 7th indorsement was made. These two sums of $375 and $18 were the amounts estimated due on a town order passed by the defendant to the plaintiff of the following tenor :

"$300.                              May 14, 1869.

To Nehemiah Smart, town treasurer, or his successor. Pay to Charles Plaisted or order, three hundred dollars, it being for money paid the United States for the year 1863.

No. 58. · (Signed,)        James Fuller,    ⎫  Selectmen
                        Alex Woodman, ⎬     of
                        I. A. Marriner. ⎭  Searsmont.

[INDORSEMENTS.]

Accepted, May 14, 1869, N. Smart, treasurer. Without recourse to me.                               . Charles Plaisted."

This order was given to Plaisted, a drafted man who paid a commutation of $300 in consideration thereof.

The contention was in reference to this order, and whether it operated as a part payment of the note. The defendant received it of one Dr. Whitney in payment of a note. There was evidence tending to show that before he received it from the doctor in payment of his own note, he had negotiations with the plaintiff in regard to taking it in part payment of the note in suit, and stated to the plaintiff that he would take it of the doctor if the plaintiff would take it of him, and that the plaintiff consented. There was also evidence tending to show that the defendant represented the order to be as good as cash and that both parties at the time thought it was a good and valid order.

*W. H. McLellan* and *J. W. Knowlton*, for the plaintiff.

The counsel each argued upon the law and the facts; and to the point that the town order was worthless, cited *Thompson* v. *Pittston*, 59 Maine, 545.

As directly in point on the defendant's hypothesis deciding that a note [or order] of no value, accepted in payment of a debt is no payment of a debt, the plaintiff and defendant both being ignorant of the worthlessness of the note, counsel cited *Roberts aplt.* v. *Fisher*, 43 N. Y. 159, or 3 American, 680.

*W. H. Fogler*, for the defendant.

I. The defendant bought and received the order of his debtor, Whitney, surrendering a secured debt of more than $300 and paying $83 in money and sold and delivered it to the plaintiff, in good faith.

II. If the defendant made the remark testified by the plaintiff (which is denied) that "the town order is just as good as money in hand when you get it to the town treasurer," it would be a mere expression of opinion, and not a warranty. *Baxter* v. *Duren*, 29 Maine, 434, 442. *Holbrook* v. *Connor*, 60 Maine, 578. *Bishop* v. *Small*, 63 Maine, 12. *Cooper* v. *Lovering*, 106 Mass. 77.

III. Nor was there any implied warranty. The seller of a written instrument, at the most, impliedly warrants but two things, —that he has the right to dispose of it and that the signatures are genuine. As to all other matters the rule *caveat emptor* applies. 2 Parsons on Notes, 41, 187. Story on Notes, § 118. *Baxter* v. *Duren*, 29 Maine, 434, 440. *Burgess* v. *Chapin*, 5 R. I. 225. *Ellis* v. *Wild*, 6 Mass. 321.

An implied warranty does not extend to visible defects which are alike within the knowledge of vendor and vendee. Chitty on Contracts, 483, 484.

IV. Money paid under a mistake of law cannot be recovered back; nor when voluntarily paid with knowledge, or means of knowledge in hand, of the facts. *Norton* v. *Marden*, 15 Maine, 45, and cases. *Norris* v. *Blethen*, 19 Maine, 348. *Jenks* v. *Mathews*, 31 Maine, 318, and cases. *Mowatt* v. *Wright*, 1 Wend. 355.

The order was what it purported to be, a town order given "for money paid the United States in 1863." If the plaintiff made a mistake it was *ignorantia legis*, and he cannot recover by alleging it.

V. The defendant was induced to purchase the order by the plaintiff's promise to take it of him.

DANFORTH, J. This is an action to recover the balance due upon a promissory note upon which there are quite a number of indorsements. The indorsement of December 7, 1874, for $375, and a part of that of December 26, 1874, it is agreed were made in consideration of an order drawn by the selectmen upon the town treasurer of Searsmont, and accepted by him. It is claimed by the plaintiff that the amount so indorsed should not be allowed in payment, as the order proved invalid and worthless. Whether it should be so allowed is the only question presented. Certain facts are undisputed. It is agreed that the order was given by the defendant, and received by the plaintiff as a payment upon the note, and that at its inception it was utterly void, and for that reason of no value when passed. That the plaintiff supposed it to be valid when he took it, the testimony leaves no room to doubt; and the most favorable view of the testimony for the defendant, is that he

was of the same opinion. The order was returned to the defendant within a reasonable time after it was received, and its want of value discovered. Under such a state of facts, both parties being equally innocent, no payment was made; there was no value received for the indorsement. The defendant parted with nothing of value to him; the plaintiff received that which yielded him no benefit.

In such cases there may have been some conflict of authority as to how far a party selling such paper as personal property is a warrantor of its genuineness or value; but it is believed there is none whatever, as to its effect as a payment.

In *Baxter* v. *Duren*, 29 Maine, 434, it was held that one who sells a promissory note as personal property, in the absence of an express agreement would not be liable upon an implied warranty of the genuineness of the signatures if they should prove a forgery. The same doctrine was held in *Ellis* v. *Wild*, 6 Mass. 321. But in both of these cases a distinction was made between a sale of such paper, and a transfer of it in payment of an existing debt; and it was conceded as a well established rule of law that under the same circumstances the transfer would not operate as a payment of a prior debt, though made for that purpose.

In *Frontier Bank* v. *Morse*, 22 Maine, 88, the plaintiff having received the bills of a broken bank, both parties being ignorant of that fact, in exchange for good ones, in a very elaborate opinion it was held that the loss should fall upon the payer, and that the plaintiff was entitled to recover the amount.

In *Young* v. *Adams*, 6 Mass. 182, a promissory note payable in foreign bills, was taken up by such bills, one of which proved to be a counterfeit. It was held that the plaintiff might recover the amount for which that bill was taken, the note so far not having been paid.

In *Cabot Bank* v. *Morton*, 4 Gray, 156, it was held that a person who procures notes to be discounted by a bank impliedly warrants the genuineness of the signatures.

*Merriam* v. *Wolcott*, 3 Allen, 258, recognizing the doctrine that an attempted payment in worthless paper is no payment, extends the same principle to sales, holding that the distinction raised in

*Ellis* v. *Wild*, and *Baxter* v. *Duren*, is unsound and virtually overrules them. *Ellis* v. *Wild* has also been denied in *Bartsch* v. *Atwater*, 1 Conn. 419 ; see also Story on notes, §§ 118, 119, 389, and Bigelow's Estopple, 446–7; Redfield & Bigelow's L. & S. Cases, 669, and cases cited ; 1 Chitty on Con., 11 Am. Ed. 625, note ; *Roberts* v. *Fisher*, 43 N. Y. 159.

Thus from the weight of authority it would appear that the distinction noticed in *Ellis* v. *Wild* and *Baxter* v. *Duren*, is, to say. the least, somewhat shadowy, and that whether the plaintiff took the order as payment or as purchaser, the defendant must be held to some responsibility as to its validity ; in short, that he as seller, warrants the order to be what it purports, a genuine order; and whether that want of genuineness results from forgery or an absence of authority on the part of the drawers or acceptor or, as in this case, both, must be immaterial. It was a town order the parties talked about; it was that, which the defendant undertook to transfer, and that, which the plaintiff agreed to receive. It turned out to be another thing, a mere form without the substance. It is not the responsibility of the parties which the seller guarantees, but their liability.

But it is claimed that the order was not commercial paper, and that different principles of law must be applied to it. It is not strictly commercial, but only *quasi* negotiable. *Emery* v. *Mariaville*, 56 Maine, 315. But how does this help the defendant. It was still received in payment of an existing debt. If it was negotiable, the presumption would be that it was received in payment, and the burden would be upon the plaintiff to show some reason why it should not be allowed. On the other hand, not being negotiable, no such presumption prevails ; and the burden is upon the defendant to show a special agreement to that effect. *Jose* v. *Baker*, 37 Maine, 465. But so far as the agreement in this respect is concerned, the burden of proof is of no consequence. The facts are not in dispute, except as to the condition on which it was received ; and we put the decision upon the ground that the order, having been delivered as an order in payment of an existing debt, and received in good faith as such, and subsequently proved to be invalid and worthless for any purpose whatever, fails to operate as a payment.

Upon the testimony as reported, we find no occasion to consider the question of estoppel raised by the defendant. Whether the defendant purchased the order relying upon the plaintiff's promise to take it involves a conflict of testimony. The defendant's wife testifies to such a promise. She is to some extent corroborated by other testimony in the case. This is as clearly denied by the plaintiff, and the case shows many circumstances which sustain him. The acts and declarations of the parties at the time the transfer was made, as proved by a decided preponderance of evidence, are so inconsistent with a prior agreement to take the order that we must consider the weight of evidence against it. The defendant was under a legal obligation to pay the money ; and it is clear that the plaintiff did not want the order, but did want the money. The burden of proof upon this point is upon the defendant, and he fails to satisfy us that the plaintiff agreed to take the order except upon the condition that it would produce the money.

> *Judgment for the plaintiff for the amount due upon the note striking off the indorsement of Dec. 7, 1874, for $375, and $18 from that of Dec. 26, 1874.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.