## STRAUSS *v.* HENSEY.

BILLS AND NOTES, EFFECT OF TRANSFER OF BY DELIVERY MERELY; WARRANTIES; AFFIDAVITS OF DEFENCE.

1. The transferer by delivery merely of a bill or note impliedly warrants the validity of his title and that the paper is not fictitious or forged; but the transfer may be made in such form and under such circumstances as to exclude such warranty.

2. An affidavit of defence in an action by the transferee against the transferer by delivery of forged promissory notes, to recover the amount paid therefor, which states that the money so paid to defendant was paid by plaintiff as agent of the maker in settlement and satisfaction of the notes, is sufficient to entitle defendant to a trial.

3. The truth of the facts stated in an affidavit of defence cannot be questioned or traversed by the court.

No. 475.  Submitted October 9, 1895.  Decided December 2, 1895.

HEARING on an appeal by the defendant from a judgment. under the 73d rule in action on the common counts, and on an appeal by the same party from an order overruling a motion to vacate such judgment. *Reversed.*

The COURT in its opinion stated the case as follows :

There are two appeals in the record before us—one from the judgment of the court below entered under rule 73 of that court, and the other from an order overruling a motion to vacate the judgment entered under the rule, and

refusing to allow the case to be tried on the defence offered by the defendant.

The action was brought by Thomas G. Hensey, the appellee, against Aaron Strauss, the appellant, for money payable by the defendant; for money lent to the defendant; and for money paid by the plaintiff for the defendant, at his request; and for money received by the defendant for the use of the plaintiff, and for money found to be due and owing to the plaintiff on account stated. The plaintiff claimed $1,808, with interest.

With the declaration the plaintiff filed a statement of claim, or bill of particulars, whereby he claimed of the defendant the sum of $1,808, as money paid by the plaintiff to the defendant for four several promissory notes, for different amounts, bearing different dates, and payable at different times; amounting in the aggregate, with interest, to the sum of $1,808; and, as stated in the particulars of claim, "all payable to your order, and represented by you to be made and signed by Basil Jackson, upon which said representation, believed by me, and not otherwise, said amount was paid to you; but, in fact, the alleged signature of the said Basil Jackson to each and all of said notes was forged, and said notes were not his genuine notes."

With the declaration and particulars of claim was filed an affidavit by the plaintiff under rule 73, to entitle him to summary judgment under the rule. The defendant appeared and pleaded that he never promised as alleged, and that he was not indebted as alleged; and with these pleas he filed his affidavit of defence under the rule 73. This affidavit the court adjudged to be insufficient, and judgment was entered as for want of sufficient affidavit of defence under rule 73.

The defendant in his affidavit denies the right of the plaintiff to claim or to recover of him any part of the sum claimed by the declaration; and sets forth the grounds of his defence to be, that the money paid him by the plaintiff was paid in *settlement and satisfaction* of the notes described in

the plaintiff's bill of particulars, of which he, the defendant, was the *bona fide* holder for value ; that the money was paid by the plaintiff as the agent of one Henderson, in settlement and satisfaction of money loaned by the defendant to Henderson in good faith, and not otherwise ; that the plaintiff was acting as the agent in the matter, of said Henderson, and the plaintiff expressly informed the defendant that he had made, or was about to make, a loan to said Henderson, out of which the said notes held by the defendant were to be paid ; that, at the time, it was believed both by the plaintiff and the defendant that said Henderson was the person he represented himself to be, viz., one Basil Jackson ; and the defendant denies, and says it is untrue, that the money was paid to him upon representations made by him as to the genuineness of said notes ; but, on the contrary, the plaintiff came to the defendant after he had begun negotiations with Henderson, and had, as he informed the defendant, agreed to make him a loan, and out of the sum to pay off the debt due the defendant. And further, that all the averments made by the plaintiff as to deceit or misrepresentations on the part of the defendant are false and untrue.

There is in the record a deed of trust, made by a person signing himself Basil Jackson, dated November 15, 1893, professing to convey property to Charles C. Glover and the plaintiff as trustees, to secure the payment of a debt or loan of $2,500, then recited to be owing by the said Basil Jackson to one Arthur T. Brice, on promissory note of that date ; and which deed of trust was duly recorded. And the check of the plaintiff, by which the notes held by the defendant were taken up, bears date the 17th of November, 1893, and was endorsed payable to the order of the defendant, and by the latter indorsed to the bank.

*Mr. Henry Wise Garnett* and *Messrs. Mackall & Maedel* for the appellant.

*Mr. Andrew B. Duvall* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

It is doubtless the well settled doctrine that the transferrer by delivery merely of a bill or note is liable for failure of consideration, if it turn out that it was fictitious, or originally forged, or subsequently altered either in the signatures, or in the amount, so as to invalidate the instrument. If a party sells a bill or note, and it is not what upon its face it purports to be, and what he by implication affirms it to be, he is in justice, and by implied assumpsit, liable to the vendee for what he has received from him as the price of the bill or note, on the ground of failure of consideration. In such case, it may be said that the vendor or transferrer of the paper warrants its genuineness and validity; and receives the price for the transfer upon that condition. This is now clearly the settled doctrine upon this subject, both by English and American authorities. *Gurney* v. *Womersley*, 4 El. & B. 133 ; 1 Dan. Neg. Inst., sec. 731, and the cases there cited.

In Story on Promissory Notes, sec. 118, the general principle is clearly stated, and amply supported by authority. The author says, that " unless it be expressly otherwise agreed, the holder so transferring the note is not exempt from all obligations or responsibilities ; but he incurs some, although they are of a limited nature. In the first place, he warrants by implication, *unless otherwise agreed*, that he is a lawful holder, and has a just and valid title to the instrument, and a right to transfer it by delivery ; for this is implied as an obligation of good faith. In the next place, he warrants, in the like manner, that the instrument is genuine and not forged or fictitious." In editions of the work, published since the death of Judge STORY, some editor has inserted in the text, in brackets, after the passage we have quoted, the qualification, " unless where the note is sold, as other goods and effects, by delivery merely without indorsement, in which case *it has been decided* that the

law respecting the sale of goods is applicable, and that there is no implied warranty." For this are cited the cases of *Baxter* v. *Duren*, 16 Shepley (Me.) 434, and *Ellis* v. *Wild*, 6 Mass. 321.

The cases just mentioned have been virtually overruled by the courts in which they were decided. This is shown by the cases of *Merriam* v. *Wolcott*, 3 Allen, 258 ; and *Hussery* v. *Sibley*, 66 Me. 192. And the case of *Fisher* v. *Rieman*, 12 Md. 497, cited by the appellant, being founded upon the decisions in the cases of *Baxter* v. *Duren*, and *Ellis* v. *Wild*, cannot be relied upon to support a principle opposed to the general doctrine we have stated.

In the case of *Otis* v. *Cullum*, Receiver, 92 U. S. 447, in regard to the Topeka bonds declared invalid by the Supreme Court of the United States in *Loan Association* v. *Topeka*, 20 Wall. 655, it was held that, by a general transfer of the bonds *bona fide*, there was no implied warranty. " The seller," said the Supreme Court, " is liable *ex delicto* for bad faith ; and *ex contractu* there is an implied warranty on his part that they belong to him, and that they are not forgeries. Where there is no express stipulation there is no liability beyond this. If the buyer desires special protection, he must take a guaranty."

But, notwithstanding this general principle, it is equally certain that the contract of sale or transfer, to say nothing of payment, may be made in such form, or under such circumstances, as to exclude the warranty of genuineness, which would be otherwise implied by law. This has been held by repeated decisions. *Bell* v. *Dagg*, 60 N. Y. 530 ; *Ross* v. *Terry*, 63 N. Y. 615.

If, therefore, it be true as stated by the defendant in his affidavit, that the money paid to him in taking up the notes by the plaintiff, was paid in settlement and satisfaction of the notes, so far as the defendant was concerned, and that the money was paid by the plaintiff as the agent of Henderson, in settlement and satisfaction of the notes—he, Henderson, under the assumed name of Basil Jackson,

having made or put in circulation the notes—these are facts sufficient to and would exclude any implied warranty of genuineness of the notes on the part of the defendant. The implied warranty is necessarily founded in good faith, and it will not attach except where the party relying upon such warranty has acted in good faith. If then the plaintiff in taking up the notes was acting for or in collusion with Henderson, the party who made or put in circulation the notes in the assumed or fictitious name of Jackson, though the plaintiff may have been deceived, and sustained loss, he cannot indemnify himself for any loss that he may have sustained, by reclamation against the defendant. As against Henderson, and those acting for him, the defendant received for the notes nothing more than he was entitled to receive.

The court cannot question or traverse the truth of the facts stated in the defendant's affidavit. Those facts the court is bound, for the purposes of securing to the defendant the right of trial, to assume as true, and that, too, without reference to what the plaintiff may have stated in his affidavit. If the facts stated by the defendant, by any reasonable or fair construction, will constitute a defence to the action or claim of the plaintiff, within the scope of the pleas. pleaded, it is the absolute constitutional right of the defendant to have that defence regularly tried and determined, in due course of judicial investigation. No rule, however beneficial it may be thought to be, as means of preventing the use of sham or feigned defences, or desirable for the expedition of business, can deprive the defendant of this right. The affidavit in this case we think sufficient to entitle the defendant to trial.

It is unnecessary for us to pass upon the question of the right of the appellant to maintain an appeal from the order of the court refusing to strike out the judgment entered under the rule. But, being of opinion that the affidavit of defence is sufficient under the rule to entitle the defendant to trial of the issues made by his pleas, we think there was

error in entering judgment under the rule as for want of a sufficient affidavit; and the judgment must therefore be reversed, and the cause be remanded that the same may be tried in regular course of proceeding.

*Judgment reversed and cause remanded.*